IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| MOTTA & MOTTA, LLC; and ALISON MOTTA, individually; and ROBERT MOTTA II, individually <br><br> Plaintiffs <br> vs. <br><br> LAWYERS 777, LLC, doing business under, assumed name, DOLCI and WEILAND; and DOMINICK DOLCI, individually; and PATRICK PATRICK WEILAND, individually, <br><br> Defendants. | JURY DEMANDED <br><br><br> No: |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, Motta & Motta, LLC, Alison Motta ("ALISON") and Robert Motta II ("ROBERT"), individually, (collectively, "MOTTA" and/or "Plaintiff") hereby brings the present action against Defendants, 777 Lawyers, LLC, doing business under the assumed name Dolci and Weiland, Dominick Dolci ("DOMINICK"), individually, and Patrick Weiland ("PATRICK"), individually, (collectively, "DOLCI" and/or "Defendant"), jointly and severally, and alleges as follows:

### NATURE OF THE CASE

1. As set forth more fully below, this is an action seeking preliminary and then permanent injunctive relief, damages, transfer of ownership and/or interest in products used in violation of the Digital Millennium Copyright Act ("DMCA"), disgorgement of profits, attorneys' fees, cost of suit and all other relief available at law or equity related to Defendant intentionally diverting customers away from Plaintiff's business. Defendants' conduct constitutes a violation of the DMCA; unfair competition;

tortious interference with Plaintiff's prospective economic advantage; conversion and common law unfair competition.

## PARTIES

2. Motta & Motta, LLC is a law firm, managers/owners are ROBERT and ALISON, and its principle Place of business is 1700 N. Farnsworth Ave., Suite 12, in the city of Aurora, county of Kane and State of Illinois.

3. Lawyers 777, LLC is a corporation that operates a law firm under the assumed name Dolci and Weiland. The manager/owner of Lawyers 777, LLC is Dominick Dolci. The named partners of Dolci and Weiland are Dominick Dolci (hereinafter "DOMINICK") and Patrick Weiland (hereinafter "PATRICK"). Dolci and Weiland's principle place of business is 17W662 Butterfield Rd, in the city of Oakbrook Terrace, county of DuPage and State of Illinois.

4. As of March 2016, DOLCI and MOTTA both handled criminal cases however MOTTA's practice involved a considerable amount of felony cases where DOLCI's practice primarily involved misdemeanors and DUI cases.

5. As of March, 2016, MOTTA had a large family law practice and DOLCI was just starting to build a family law practice.

6. In May of 2016, after months of conspiring and preparation, DOLCI knowingly and intentionally caused the unauthorized and improper redirection of MOTTA's website traffic to DOLCI's website. DOLCI specifically set out to usurp MOTTA's internet ranking and knowingly and intentionally caused MOTTA's website to be tampered with in such a manner to result in MOTTA disappearing from internet search results and being replaced by DOLCI.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the federal Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. This Court has jurisdiction

over the claims in the action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. In addition to other remedies, Plaintiff seeks damages and injunctive relief.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) because the defendants reside and are doing business in this judicial district and the events giving rise to the claims occurred in this district.

**FACTUAL BACKGROUND**

10. At all times relevant herein, MOTTA's website address was www.mottalawfirm.com and contained several webpages and links. (hereinafter collectively referred to as "MOTTA's website").

11. At all times relevant herein, DOLCI's website address is www.docliandweiland.com and contained several webpages (hereinafter collectively referred to as "DOLCI's website").

12. MOTTA took a great deal of time and incurred a great deal of expense to build its website with a focus on reaching target customers organically. To that extent, MOTTA took a long-term approach to developing their website and gaining internet authority and visibility organically instead of paying for clicks.

13. At all times relevant herein, and prior to May of 2016, the MOTTA website had an unmistakably dominant online presence and ranked extremely well on Google and other search engines, appearing within the very first organic search results on Google for search terms related to criminal and family law attorneys serving the Chicago and surrounding suburbs including Cook, Kane, DuPage and Kendall counties.

14. At all times relevant herein, an integral aspect of MOTTA's organic internet and website strategy included capitalizing on the national media attention of MOTTA and translating same into value as perceived by Google and other search engines. MOTTA's nation media attention combined with the various online publications that mentioned, or were authored by, MOTTA were essential in establishing

the MOTTA website's dominant online presence as same are significant factors considered by Google and other search engines in determining the relevancy of a website to given search terms (*i.e.* "Best Chicago drug lawyer") and in the website's overall internet ranking.

15.    Over the years, MOTTA's reputation in the legal community, client referrals, media coverage, online publications, numerous external links and inclusion in a considerable number of online directories coupled with a deliberate and aggressive organic SEO strategy, resulted in an invaluable online reputation and MOTTA's website gained unprecedented internet authority and visibility which directly translated into an expediential increase in income.

16.    MOTTA's online reputation was merely a manifestation or a reflection of its real-world reputation and experience which Alison Motta and Robert Motta spent their lives building and DOLCI stole in the blink of an eye.

17.    MOTTA filed an application to register mottalawfirm.com and the text content on said website and each connected webpage and blog articles, with the US Copyright Office, as an unpublished collection to cover preexisting and later versions of the website including preexisting material and any additions and alterations over the years.

18.    At all relevant times MOTTA's website contained the appropriate copyright notice identifier on each of its webpages informing the world of copyright ownership and same was reflected as "**©2015 Motta & Motta LLC**".   The content at issue constitutes copyrightable subject matter under the copyright laws of the United States of America and the unpublished collective work was authored by ALISON and ROBERT, as creative authors, and/or by Motta & Motta, as employing and/or commissioning author.

19.    MOTTA's webpage contained the content at issue on or before 2011 and expanded upon through May of 2016 as evidenced by the Wayback Machines historical archive of MOTTA's website[1].

---

[1]  The Internet Archive's Wayback Machine archives copies of websites every few weeks or months, going back to 1996 and contains historical versions of websites with a corresponding date and time stamp to reflect how the website appeared on a

(See attached archived pages of Motta's website in 2011, 2013, 2014, 2015 and 2016 and of Dolci's website in 2013, 2014, 2015 and 2016 as archived by the Wayback Machine and attached hereto and incorporated herein collectively as "Exhibit A".[2]).

## ALLEGATIONS COMMON TO ALL COUNTS

20.  In March 2016, DOMINICK solicited the aid of an employee of MOTTA to screen MOTTA's telephone calls for persons looking to retain MOTTA on new criminal and family matters and refer those callers to DOLCI.

21.  Through the aforementioned process, DOLCI diverted business away from MOTTA and to DOLCI including, but not limited to, a domestic violence case, a battery case, a theft case, a weapons offense, a failure to register case and multiple other criminal cases.

22.  Thereafter, in March of 2016, DOLCI began conspiring, and put a plan into motion, to maliciously and wrongfully redirect MOTTA's web-traffic from MOTTA's website to DOLCI's website, effectively intercepting MOTTA's potential new clients before a call was ever made, and to eliminate MOTTA as a competitor by replacing search results for MOTTA with results with DOLCI.

23.  Thereafter, in March of 2016, DOLCI began researching and comparing MOTTA's website traffic to that of DOLCI's.

24.  Later, DOLCI caused various financial and web-traffic data of MOTTA misappropriated

---

specific date in time. "Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, see Fed.R.Evid. 201." *Erickson v. Nebraska Mach. Co*., 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) (collecting authority).

[2] See also the interactive historical version f the parties' websites at the following urls:
https://web.archive.org/web/20150108231955/http://mottalawfirm.com:80/;
https://web.archive.org/web/20150218224911/http://mottalawfirm.com/criminal-defense/illinois-dui-laws/ *cf*
https://web.archive.org/web/20110829235751/http://www.mottalawfirm.com/dui.html; and
https://web.archive.org/web/20150208182741/http://dolciandweiland.com/practice-areas/criminaldefense/dui-lawyer; and
https://web.archive.org/web/20160801052904/http://dolciandweiland.com:80/criminal-defense/dupage-dui-lawyer/

for the purposes of calculating which webpages generated the most traffic and correspondingly the most income. DOLCI used said information in its determination of which webpages it wanted be redirected from MOTTA to DOLCI.

25. On or about the week of April 4, 2016, DOMINICK spoke to DOLCI office staff, employees and attorneys about the plan devised to divert web-traffic from MOTTA to DOLCI and the corresponding influx of business and telephone calls.

26. On April 12, 2016, DOLCI compared visitors to its site, and visitors to MOTTA's website, from Google in the last 30 days.

27. On or about May 2016, DOLCI created a new website which mirrored that of MOTTA's, in design and content for the purposes of later redirecting the MOTTA website's organic web-traffic to DOLCI's website once DOLCI had everything else in place.

28. Defendants copied verbatim all or substantial portions of MOTTA's website and webpage content, online articles and blogs and posted some on DOLCI's mirror image of MOTTA's website. (See *fn* 2). DOLCI even used identical urls as that of MOTTA.

29. On August 7, 2018 Google removed various web pages of DOLCI from its search engine pursuant to the DMCA as same was established to be duplicative of MOTTA's copyrightable content.

30. DOLCI knowingly and maliciously created said duplicative website for the purposes of replacing MOTTA's webpages with the corresponding newly created DOLCI webpages.

31. In fact, Beginning in May of 2016, said duplicative website was used by DOLCI to manipulate search engines into treating DOLCI's website as though it was MOTTA's webpages and literally replacing DOLCI for MOTTA in search results.

32. On or before May 11, 2016, DOLCI executed the final step in its scheme and caused MOTTA's website to be compromised and tags placed thereupon in order to hijack Motta's web traffic and direct same to DOLCI's website while simultaneously assuming Motta's online reputation. DOLCI specifically set out to accomplish same in a manner least vulnerable to detection *i.e.* utilized tags as

opposed to 301 redirects.

33. On or about May 11, 2016, as a bi-product of migrating MOTTA's website into DOLCI's website, when a visitor would click the call link on DOLCI's website the telephone number generated was that of MOTTA and same was swiftly corrected in order to avoid detection of the redirection.

34. In addition to redirecting website traffic and replacing internet search results of MOTTA with that of DOLCI, DOLCI also stole MOTTA's internet ranking, reputation and authority and wrongfully profited and gained an unfair competitive edge by fraudulently assuming MOTTA's reputation and experience as its own and holding itself out online to be MOTTA.

35. In the 2 (TWO) months before DOLCI stole MOTTA's website and online identity, from March 11, 2016 to May 10, 2016, DOLCI had approximately 35-84 visitors to its website. While, in that identical timeframe, MOTTA had 9,906 visitors to its website.

36. In the 3 (THREE) months after DOLCI hijacked MOTTA's website, from May 11, 2016 to June 10, 2016, DOLCI's web traffic exponentially increased to approximately 15,169 visitors while correspondingly MOTTA's web traffic decreased to approximately 3,761 visitors as a direct result of DOLCI's malicious acts.

37. Further, as reflected on the historical archive of DOLCI's website, on or about May of 2016 DOLCI posted infringing content and/or articles copied from Motta's website but stated on DOLCI's website that same were published earlier in time. For example, Dolci posted an article entitled "Your Rights During Police Questioning" specifically asserting that same was posted by DOMINICK on May 19, 2013. (See https://www.dolciandweiland.com/criminal-defense/know-your-rights/police-questioning/). However, the internet archive of DOLCI's website disproves same and ALISON personally authored that article and MOTTA published same in 2011 as evidenced on the historical version of Motta's website dating back to 2011.

38. In May of 2016, there was an unmistakable and shocking decrease in telephone calls, from potential new clients, to MOTTA.

39. On or about May 6, 2016, MOTTA increased its online advertising.

40. In the months thereafter, MOTTA published in additional directories and hired a marketing firm to provide SEO services.

41. On September 22, 2016, ALISON informed DOMINICK that MOTTA had reason to believe that former employee of MOTTA and the person providing DOLCI's SEO and/or marketing services was engaging in cyber-spying as to MOTTA's personal and corporate emails, files and/or other accounts and that evidence tended to suggest he was "actively engaging in commercial espionage to benefit [DOLCI's] firm or the firm of another."

42. Moreover, on or about March 27, 2016, MOTTA became aware that DOLCI was duplicating its website content and informed DOLCI it copied MOTTA's protected website content and demanded DOLCI immediately remove infringing material. (See cease and desist/Take-down Notice and corresponding email along with read receipt, attached hereto and incorporated herein collectively as "Exhibit B"). DOLCI took no corrective measures whatsoever and never returned Motta's misappropriated property or took down the website.

43. As a direct result of DOLCI's wrongfully, fraudulent and malicious acts, between May of 2016 and March of 2018, DOLCI's profits increased by no less than $2,000,000.00 (Two-Million Dollars) and has continued to increase since March of 2018.

44. At all relevant times, MOTTA had a valid business expectancy in regards to the use of the URL mottalawfirm.com and maintained a reasonable expectation that said URL would result in clients ultimately contacting and retaining Motta given the frequency by which those potential clients, who consulted with ALISON or ROBERT, ultimately retained MOTTA.

45. DOLCI's conduct as alleged herein has caused MOTTA significant financial injury, despite MOTTA best efforts.

46. Defendants' violations and malicious and/or wrongful conduct have further injured and will continue to injure MOTTA by impairing MOTTA's online reputation, internet ranking and internet

authority, and by intercepting MOTTA's potential customers and business opportunities and interfering with MOTTA's prospective business relations.

## COUNT I
## CIVIL CONSPIRACY

47. MOTTA re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 48 above.

48. Defendants, Dominick DOLCI ("Dominick") and Patrick Weiland ("Patrick") acted in concert with each other and conspired with one another and with DOLCI's employees, MOTTA employees and/or other third-parties to divert business away from MOTTA through commandeering MOTTA's website and duplicating MOTTA's web content while redirecting business to DOLCI for DOMINICK's and PATRICK's personal financial gain and to add value to Dolci and Weiland and gain an unfair competitive advantage by usurping MOTTA's online reputation, internet ranking and internet authority.

49. Defendants, DOMINICK and PATRICK conspired and acted in concert to circumvent, or caused to be circumvented, one or more technological measures that effectively control how MOTTA appears in internet search results MOTTA for purposes of commercial advantage or private financial gain.

50. As of April 2016, DOMINICK informed PATRICK of his scheme to improperly redirect MOTTA's web-traffic to DOLCI.

51. Further, in April of 2016, DOMINICK instructed PATRICK and/or other DOLCI employees, staff and/or attorneys on how to handle calls from clients who believed they were calling MOTTA's office or who otherwise indicate that they were referred to DOLCI from MOTTA in order to avoid detection or raise suspicion.

52. On or about April 17, 2016, DOMINICK and PATRICK, planned to upgrade its answering service in order to be prepared for the influx of telephone calls in May of 2016 after web-traffic was

maliciously and wrongfully diverted from MOTTA's website to DOLCI's.

53. On or about April 18, 2016, DOMINICK and PATRICK considered at what point they would need to hire a new lawyer to handle the influx of business once MOTTA web-traffic began being wrongfully diverted and/or redirected to DOLCI.

54. At all relevant times, DOMINICK, a corporate officer, actively participated and directed the tortious and malicious conduct set forth herein.

55. Defendants, DOMINICK and PATRICK acted in concert to have MOTTA's website and its content duplicated for DOLCI's benefit and in an effort to make MOTTA disappear from internet search results and wrongfully replace MOTTA search results with results for DOLCI.

56. Defendants, DOMINICK and PATRICK acted in concert to have various customers who called the offices of MOTTA be instructed instead to call DOLCI for the purposes of causing MOTTA to lose business opportunities and wrongly divert such opportunities to DOLCI

57. Defendants, DOMINICK and PATRICK acted in concert to bring about the misappropriation of MOTTA's financial information and website date in order to determine which of MOTTA's webpages were most valuable for the purposes of identifying those DOLCI wanted to copy and redirect.

58. Defendants, DOMINICK and PATRICK acted in concert to conceal their scheme and took calculated measures to avoid detection.

59. Defendants, DOMINICK and PATRICK, acted in concert to misrepresent the publish date of content on DOLCI's website and the author of various content for the purposes of clouding any future copyright, interference with business or unfair competition claim.

60. The conduct of Defendants, as alleged herein, were taken in furtherance of their common scheme.

61. MOTTA has suffered economical and physical distress as a result of the actions and conduct of Defendants as set forth above.

## COUNT II
## VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

62. MOTTA re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61 above.

63. MOTTA's work was and continues to be wrongfully reproduced, distributed, publicly displayed, and/or made into a derivative work without the permission of MOTTA on DOLCI's website.

64. DOLCI has never compensated MOTTA for use of MOTTA's work.

65. MOTTA's website, and the materials contained therein, are copyrightable and protected by federal law.

66. Defendants have violated 17 U.S.C. § 1201(a)(2) willfully and for purposes of commercial advantage or private financial gain.

67. Defendants were and are actively engaged in commerce and in the business of offering its services to the public through the wrongful misuse of MOTTA's work.

68. In addition to MOTTA's actual damages, MOTTA is entitled to injunctive relief and, pursuant to 17 U.S.C. §1203(c), to receive the profits made by Defendants from their wrongful acts. In the alternative, should MOTTA so elect, MOTTA is entitled to statutory damages pursuant to 17 U.S.C. §1203(c)(3) and (c) (4).

69. Further, MOTTA contends that monetary compensation, for actual damages and profits of Defendant, alone are insufficient compensatory damage and will not act to restore MOTTA to its pre-violation state as is relates to internet visibility and internet authority.

70. Accordingly, MOTTA request This Court find that in addition to said monetary damages, MOTTA is entitled to DOLCI's present internet ranking and authority. Therefore, Plaintiff requests MOTTA all interest and rights to dolciandweiland.com, including all webpages within said URL, and all corresponding internet authority and ranking be assigned and/or transferred to MOTTA and DOLCI be compelled to create a wholly new and different website.

71. MOTTA has no adequate remedy under the law for Defendants' wrongful conduct.

72. MOTTA is also entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. §1203(b)(4) and (5).

## COUNT III
## ILLINOIS COMMON LAW UNFAIR COMPETITION

73. MOTTA realleges and incorporates paragraphs 1-72 as if set forth herein in full.

74. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Illinois.

75. For years, MOTTA has expended substantial time and sums of money creating, advertising, promoting, establishing, and supporting its website's organic internet authority and ranking.

76. As a result of MOTTA's substantial investment and its commitment to an organic internet tragedy earned MOTTA's website a tremendous online reputation, internet authority and ranking with search engines, that had come to associate MOTTA's website as one of the utmost most relevant website's for search terms related to criminal attorneys in the Chicagoland area.

77. DOLCI was aware of the above facts and sought to wrongfully capitalize on MOTTA's reputation and online authority by essentially assuming MOTTA's online identity through the improper use of various technological measures including, but not limited to, misusing website tags and/or headers in order to mislead Google and similar search engines into believing that MOTTA's website is really DOLCI's website.

78. Defendant's scheme to replace MOTTA in search engine results has resulted, and will continue to result in misleading the public, website visitors, potential clients and/or former clients.

79. DOLCI's knowing and continued use of MOTTA's website content has deprived MOTTA and will continue to deprive MOTTA of achieving any significant online presence and

MOTTA has been forced to, and continues to, spend considerable sums of money competing against its own website.

80. Defendants' acts and conduct are designed to confuse search engines, and thereby the public receiving the search results, into believing that DOLCI's website is that of MOTTA's in violation of MOTTA's rights under the common law of unfair competition of the State of Illinois. Defendants wrongful, malicious and fraudulent acts have created and will continue to create a substantial likelihood of search engine confusion, mistake, and deception.

81. Defendant's acts and conduct as alleged above have damaged and will continue to damage MOTTA's online reputation and internet ranking and have resulted in losses to MOTTA and an illicit gain of profit to DOLCI in an amount unknown at the present time.

82. DOLCI's conduct has been willful, intentional, deliberate, and malicious.

83. MOTTA has no adequate remedy at law for the foregoing wrongful conduct. MOTTA has been and, absent injunctive relief, will continue to be irreparably harmed by MOTTA actions.

## COUNT IV
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

84. MOTTA repeats and incorporates by this reference each and every allegation as set forth in paragraphs 1 through 83.

85. Defendant's wrongful, malicious, fraudulent and/or tortious conduct as set forth herein resulted in MOTTA not appearing in any online search results to such an extent that, at times, even if a consumer included "Motta" or the name of another attorney employed by MOTTA, in its search terms DOLCI's website would appear in the results and not Motta.

86. For instance, in September of 2016, the search terms "aurora divorce attorney [name]" (using the name of an attorney employed by MOTTA) on Google generated search results for DOLCI

despite the fact that no corresponding name appeared anywhere within DOLCI's website.

87. Defendants intentionally and improperly interfered with Plaintiff's prospective economic advantage by interfering with a customer's ability to find MOTTA online and prevented Plaintiff from acquiring new customers and continuing its relationships with previous customers, thus preventing MOTTA from acquiring or continuing prospective business relationships with clients needing legal services.

88. Prior to May, 2016, the majority of MOTTA's customers found MOTTA online through MOTTA's website.

89. Given the combination of historical and present web-traffic data and corresponding large number of website visitors who in turn contacted MOTTA coupled with the frequency by which potential clients, who have a consultation with ALISON and ROBERT, ultimately retain MOTTA, Plaintiff maintains a reasonable expectation that such advertising and online presence translates into clients retaining MOTTA.

90. As a result of Defendants' conduct, Plaintiff lost profits and business opportunities in an amount to be determined.

## COUNT V - CONVERSION

91. MOTTA incorporates by reference the allegations contained in paragraphs 1-90, as though fully set forth herein.

92. DOLCI's willful, wanton, and improper use of Plaintiff's website to divert MOTTA's customers to DOLCI and deprive Plaintiff of its rights and interests in its own property, namely the www.mottalawfirm.com, and the benefits thereof, constituted an unlawful conversion of Plaintiff's property, for which Defendants are strictly liable for all lost profits and business as well as subject to punitive damages.

93. Defendant deprived Plaintiff of the use and benefit of MOTTA's website by effectively

relocating MOTTA's website to DOLCI's URL.

94. Despite MOTTA's demands, DOLCI refused to return same, *i.e.* take down DOLCI's website.

## COUNT VI - INJUNCTIVE RELIEF

95. Plaintiff incorporates by reference the allegations contained in paragraphs 1-94 as though fully set forth herein.

96. At all relevant times complained of herein, there existed in full force and effect certain statutes that provide for injunctions. See 17 U.S.C. §1203(c) and 735 ILCS 5/11-101 and 11-102.

97. Plaintiff seeks an injunction to preserve the status quo and prevent further harm to Plaintiff.

98. Plaintiff has suffered, and continues to suffer, irreparable harm.

99. The legal remedies are inadequate because the wrongs complained of are continuous in nature and because attaining a dominant online presence organically cannot be purchased but can only be achieved overtime.

100. Plaintiff has a clearly ascertainable right to prevent unauthorized use and publication of its protectable work.

101. Plaintiff is likely to succeed on the merits of his claim as it is clear that Defendant used Plaintiff's work in commerce for the purposes of commercial advantage and personal financial gain. Google has removed some of DOLCI's infringing URLs from its search engine pursuant to the    It is plainly clear that Defendant did not make truthful representations pertaining to the level of security and protection that it provided to its Members. Plaintiff relied on Defendant's representations about the security, protection, and discreet services it provides to its Members. Further, Defendant's delay of approximately eight (8) days before informing the public of the breach of its databases injured Plaintiff and was unfair, unjust, and unethical.

102. Plaintiff further seeks an injunction that requires Defendant to assign all rights and interests in DOLCI's website and corresponding internet authority and ranking to MOTTA.

103. Enforcement is feasible, as the Court can easily determine whether Defendant created and new website without the inclusion of MOTTA's content and whether Defendant has executed a document reflecting the transfer and assignment of all rights and interest in its website to MOTTA.

### COUNT VII - ACCOUNTING

104. MOTTA incorporates by reference the allegations contained in paragraphs 1-103, as though fully set forth herein.

105. MOTTA is entitled to recover all profits of Defendants that are attributable to their acts of infringement or violations thereof.

106. The amount of money due from DOLCI to MOTTA is not fully known to MOTTA and cannot be properly ascertained without a detailed accounting by Defendant of the precise number of units of infringing material offered for distribution and distributed by Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Alison Motta, Robert Motta, II and Motta & Motta, LLC, prays this Honorable Court enter judgement, on all counts, against Defendants, 777 Lawyers, LLC, doing business under the assumed name Dolci and Weiland, Dominick Dolci and Patrick Weiland, jointly and severally, and Enter an Order:

A. finding that each Defendant violated the Digital Millennium Copyright Act and/or otherwise willy infringed MOTTA's protected work;

B. Finding that each Defendant willfully engaged in unfair competition with MOTTA;

C. Finding that Defendants willfully engaged in conduct amounting to civil conspiracy;

D. Finding Defendants conduct was otherwise willful and tortious under Illinois law as specified herein;

E. Finding that Defendants' conduct has caused, and continues to cause damage to and irreparable harm to MOTTA, its online raking, its online visibility and its online reputation;

F. For an accounting of, and the imposition of constructive trust with respect to,

Defendants' profits attributable to his infringement of Plaintiff's Copyright or, in Plaintiff's election, an award of statutory damages, including statutory damages for willful infringement;

G. Awarding Plaintiff, the amount of money damages to compensate for Defendants' wrongful acts and, in addition, an amount equal to Defendants profits attributable to his infringement, unless Plaintiff elects statutory damages, and/or attributable to Defendant's unfair competition or other willful or tortious conduct under Illinois law;

H. Awarding plaintiff treble and/or punitive damages as permitted by applicable law;

I. Awarding Plaintiff attorneys fees together with the cost of bringing this claim;

J. Awarding Plaintiffs additional damages, pursuant to Illinois law, including money damages, disgorgement, costs, restitution, treble and/or punitive damages as permitted by applicable Illinois law;

K. Temporarily and permanently enjoining Defendants, their agents, employees, assigns, etc. from the deceptive and/or infringing practices as alledged herein;

L. Compelling Defendant to remove its website from the internet and assign and/or transfer to Motta all rights and/or interest in DOLCI's website including all web pages included therein and the corresponding internet authority and ranking credits associated with same; and

M. Granting such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

> Respectfully Submitted,
> MOTTA & MOTTA,
>
> /s/ *Alison Motta*
> One of the attorneys for Plaintiff

Robert M. Motta, II
ARDC: 6275559

Alison Motta
ARDC: 6284365
1700 N. Farnsworth Ave. Suite 12
Aurora, IL 60505
Tele: (630) 844-2766
Email: Info@mottalawfirm.com