**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTTA & MOTTA, LLC, et al., ) | |
|       Plaintiffs, ) | No.: 18-cv-5811 |
| v. ) | |
| ) | Honorable Robert M. Dow, Jr. |
| LAWYERS 777, LLC, et al., ) | |
|       Defendants. ) | |

**PLAINTIFF'S VERIFIED RULE 54(b) MOTION FOR REVISION OF ORDER**

    NOW COME Plaintiffs, Motta & Motta, LLC et al., by and through their attorney, Alison Motta, and hereby respectfully move this Court, pursuant to Fed. R. Civ. P. 54(b), to revise its Order of March 24, 2020 granting portions of Defendants' motion to dismiss and dismissing several of Plaintiffs' claims with prejudice [Dkt.59], and in support thereof states as follows:

**INTRODUCTION**

    Plaintiffs recognize that motions to reconsider[1] are highly disfavored and do not bring the herein motion lightly. Plaintiffs respectfully request that the Court exercise its discretion to revise its partial Order and reconsider its ruling on Defendants' motion to dismiss amended complaint [Dkt. 59] and convert the dismissal to one without prejudice (as it conflicts with Rule 15), find that claims are not indisputably time-barred and find that Plaintiffs' failure to substantively address Defendants' arguments does not warrant dismissal of claims or waiver of defenses under the circumstances set forth herein. Plaintiffs contend that the Order [Dkt 59] suggests that the Court has patently misunderstood Plaintiffs, that certain factual allegations were misunderstood and/or that the Court has made errors of fact and errors of apprehension resulted. Plaintiffs respectfully suggest that the Court erred in making inferences against Plaintiffs which led to mistaken conclusions of fact. Further, Plaintiffs submit that the failure to defend claims was the result, in part, of an honest mistake or was

---

[1] Although Plaintiffs refer to the herein motion as seeking reconsideration, the motion is not a traditional Rule 59(e) motion to reconsider, which can only follow a "judgment" See Galvan v. Norberg, 678 F.3d 581, 587 (7th Cir. 2012), *infra.*

'caused by inadvertence, mistake, or carelessness' which can, in some cases, fall within the confines of excusable neglect and/or, as a result, This Court could, in its discretion, elect not to not to find that Plaintiffs' abdicated claims or waived arguments, despite having the discretion to do so. Plaintiffs contend that the weakness in Defendants' undeveloped or insufficient arguments lend support for this request for discretional leniency as dismissal.

Plaintiffs elect to address one alleged misunderstanding in this Introduction section in hopes of alleviating any lingering concerns that undersigned counsel intentionally attempted to mislead This Court and to apologize for the inconvenience caused by Counsel's misapprehensions, before proceeding to their Argument. Plaintiffs respectfully suggest that the Court misunderstood Plaintiffs' regrettably misplaced waiver argument in support of striking and denying Defendant's motion as untimely when it determined that "Plaintiffs lead by arguing that, pursuant to Rule 12(g)(2), Defendants cannot file a successive motion to dismiss under Rule 12(b)(6) that raises issues not raised in the initial motion." [Dkt 59. ¶ 5]. Plaintiffs, led by arguing that, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i) and Fed. R. Civ. P. 15(a)(3), Defendants' motion should be stricken or denied as it was *'untimely'* and later, in Section II, primarily argued that untimely arguments not previously raised waived, and specifically referred back to Section I.[2] (See Section I, [Dkt 51 pp. 1-2]; See also references to "See Section I, Supra" in Section II, Plaintiffs' Response to Motion to Dismiss [Dkt 51, pp. 3 and 6]). Section I., relied solely on Plaintiffs' mistaken belief that the Defendants failed to file a timely response to the amended complaint and requested that This Court enter and Order "denying as waived any claims not raised in timely filed motion to dismiss." [Dkt. 51, p. 2]. Plaintiffs' reference to Rule 12(g)(2) was intended only as an aside since the presumed 'untimely' motion also included some new

---

[2] Plaintiffs, regrettably, did make a 12(g)(2) argument (in conjunction with their 12(a)(1)(A)(i) argument) as to Defendants' new failure to state a claim and proximate cause defenses to Copyright claim which were available but omitted from their first 12(b)(6) motion.

arguments that that could have been raised in the initial 12(b)(6) motion[3] which, as a result of counsel's flawed analysis, Plaintiffs mistakenly believed could not be raised in a pre-answer motion.

By pointing out that Plaintiffs' lead waiver arguments relied on untimeliness under 12(a)(1)(A)(i), not waiver under 12(g)(2), undersigned counsel by no means seeks to diminish counsel's indefensible imprudent citation, as an alternate supporting basis or otherwise (to any extent whatsoever), to *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) without first reviewing the case.[4] That being said, counsel wishes to assure This Court that undersigned counsel did not knowingly state the wrong standard or withhold authority in an attempt to mislead The Court as to the applicable standard. Counsel would never presume to think that This Court was anything less than fully conversant with the standard applied, in its circuit, as to allowing successive Rule 12(b)(6) motions to dismiss. Moreover, as to Plaintiffs' unfortunate untimeliness argument that permeates Plaintiffs' response [Dkt. 51], with deep humiliation and regret undersigned counsel

---

[3] New arguments that could have been raised in first motion to dismiss include independent tort argument as to civil conspiracy; proximate cause and failure to state a claim (notice) arguments as to Copyright claim; preemption and duplicative (duplicative to copyright claim) arguments as to unfair competition claim; and all arguments directed against conversion and accounting claims.

[4] The following is provided solely to demonstrate counsel's misapprehension and explain imprudent citation - Counsel does not mean to suggest the following cases support her flawed Rule 12 analysis. Undersigned counsel exhaustively researched the applicability of Rule 12's waiver provisions, at the motion to dismiss stage, to a successive motion where although the court's earlier opinion did not make a substantive ruling, its findings nonetheless indicated that the allegations were sufficient to state a claim. A scenario undersigned counsel viewed as similar to a successive motion after denial. Early-on in undersigned counsel's research, she came across the language within *In re Apple iPhone* as cited in Dkt 51 and same was copied without reviewing the opinion or expectation of using same. However, after exhaustively researching the issue and encountering conflicting analyses, with citations to several other districts (*i.e., Capital Markets, Inc., 274 F.Supp.2d 926, 930 (N.D. Ill. 2003)("Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity.")(citing Wright & Miller § 1388 ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to amendment"); 766347 Ontario, Ltd. v. Zurich Capital Mkts., Inc., 274 F.Supp.2d 926, 930 (N.D.Ill.2003) ("Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity."); Kramer v. Am. Bank & Tr. Co., N.A., 2014 WL 3638852, at \*2 (N.D. Ill. July 23, 2014) ("Because Defendant [] previously filed a Rule 12(b) motion to dismiss for failure to effect timely service, Rule 12(g) bars her from filing a second Rule 12(b) motion [] for failure to state a claim."; motion "presented precisely the kind of piecemeal litigation Rule 12(g) is meant to avoid."); Muller v. Morgan, 2013 WL 2422737, at \*3 (N.D. Ill. June 3, 2013) (Failure to state a claim "arguments could have been brought during [] first motion to dismiss, so [] motion fails under Rule 12(g)(2)"); Kindra Lake Towning, L.P. v. Donat Ins. Services, LLC, 2017 WL 622224, at \*3 (N.D. Ill. Feb. 15, 2017) (Defendants new arguments would have been waived under Rule 12(g)(2) but "arguments [] not waived for the simple reason that subject-matter jurisdiction cannot be waived."),* undersigned was under the misapprehension that the language within *In re Apple iPhone* applied. Therefore, in an ill-advised and unfortunate attempt to utilize verbiage that was short and got directly to the point, undersigned counsel resorted to the copied text from *In re Apple iPhone* without revisiting or reviewing the case.

apologizes for the unprecedented needless waste of This Court's and opposing counsel's time which could have been avoided with timely communication by and between undersigned counsel and her associate. Clearly, considering This Court's statements as to what occurred on July 16, 2019 [Dkt. 56, 2], Mr. Polcyn's belief that no briefing schedule was set at that July status date, was a result of the lapse of time.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. <u>Motion History</u>

In their first 12(b)(6) motion [Dkt 21] Defendants contended that Plaintiffs' allegations failed to sufficiently plead a federal claim and that This Court should decline to exercise supplemental jurisdiction as to the state law claims. Plaintiffs' response [Dkt. 31] addressed the substantive issues raised by Defendants and also set forth additional claims and theories, not explicitly referenced in the complaint, under which the factual allegations also gave rise to a plausible entitlement of relief and sought leave to amend as an alternative to denying Defendants' motion. In its Order [Dkt 37] Granting Plaintiff leave to amend and denying the motion to dismiss [Dkt. 21] as moot without prejudice, This Court found that the complaint complied with current Seventh Circuit and Supreme Court precedent but "rather than resolving the motion to dismiss where it [was] not readily apparent what claims [had] actually been asserted and addressed", the Court Granted leave to amend.

As to the Court's reference to claims not being readily apparent, Plaintiffs, seemingly incorrectly, assumed the court was referring only to the fact that Plaintiffs' response raised additional theories not explicitly referenced in the complaint and cited the wrong statute number for one of Plaintiffs' copyright claims; not that there was another deficiency identified by This Court. Plaintiffs amended their complaint advancing additional alternative theories in support of their suit and correcting the reference to the wrong statute.

II.     **Summary of Relevant Allegations**

Although Plaintiffs' amended complaint ("AC") (DKT 42) refers often to Defendants' scheme to redirect MOTTA's web-traffic to Dolci, it nonetheless alleges that DOMINICK DOLCI ("DOMINICK"), PATRICK WEILAND ("PATRICK") and/or Dolci and Weiland ("DOLCI") engaged in, and aided and abetted, an array of wrongful actions to further various schemes, only some of which involve MOTTA's website and diverting online customers.  Allegations also include "schemes" "to defraud MOTTA", "to interfere with MOTTA's business expectation" (DKT42 at para 14), to "divert business away from MOTTA to DOLCI" (DKT 42 at para. 74) and references the aiding and abetting of breaches of the duty of loyalty owed to MOTTA by its employees (*i.e.,* solicited the aid of MOTTA employee(s) to divert business away from MOTTA (DKT 42 at para)). And wrongful actions complained of include conduct outside of duplicating the website or placing the canonical tags and don't implicate the May 2016 timeframe and in fact occurred on or after August 24, 2016 and continued to occur for over a year thereafter such as accessing and/or downloading MOTTA's private business and financial information, altering passwords and accessing MOTTA's emails (DKT42 at para 16), "hacking [] [MOTTA's] computers, systems and servers", (DKT42 at para 35), contacting MOTTA's current clients and giving DOLCI's address and telephone number as though it were MOTTA's (DKT42 at para 54), accessing "MOTTA's personal and corporate emails, files and/or other accounts" (DKT42 at para 62) and copying "MOTTA's motion work and forms utilized in the practice of law" (DKT42 at para 70).  Plaintiffs also incorporate the facts and additional facts extrapolating on the complaint as set forth in Plaintiffs' response to This Court's rule to show cause (Dkt. 62), the certification attached thereto (Dkt. 63) and the exhibits thereto (Dkt. 64) in support of this motion as the facts contained therein would be include in a second amended complaint should this court revise the Order at issue.

Accordingly, Plaintiffs' amended complaint alleges wrongful, intentional and tortious conduct, well after May 11, 2016, by Defendants in furtherance of continuing to benefit from their schemes to defraud, unfairly compete and gain an unfair advantage and conduct to conceal their redirection scheme which give rise to claims under the SCA and/or ECA and to additional claims of aiding and abetting breaches of Motta employees duty of loyalty as well as additional claims supported by the facts set forth and referenced by incorporation herein. Plaintiffs have not attached an amended complaint to this motion or Dkt. 62 because under Rule 15(a)(2), plaintiff is entitled to amend their complaint after the Court issues a substantive ruling identifying deficiencies, in order to cure those deficiencies identified by This Court. (see Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010), ("*[P]laintiff was entitled to wait and see if any pleading problems the court might find could be corrected*" *before filing amended complaint.*).

Taking the allegations as a whole, Plaintiffs' allege multiple schemes and that this case does not In the Seventh Circuit, "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove.",'" Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Plaintiffs' respectfully request that this Court apply the rule to Defendants motion to reconsider. start or end with placement of canonical tags, however, Plaintiffs approach in highlighting same has caused clearly contributed to This Court's misunderstanding. A reasonable inference from the allegations is that the wrongful conduct extended well beyond May of 2016 and, plaintiffs hereby assert that the conduct continued for over a year beyond May of 2016.

III. **Applicable Standards**

Since the Order at issue [Dkt. 59] does not dispose of all of Plaintiffs' claims it "may be revised at any time before the entry of a judgment adjudicating all the claims [***]." Fed. R. Civ. P. 54(b). A

new Seventh Circuit opinion[5], issued after the March 24th Order, suggests that the appropriate standard when deciding a motion to reconsider the first Order dismissing Plaintiffs claims, is not 54(b) but the more generous Rule 15(a) standard. See *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 628 (7th Cir. 2020), *infra.,* but Plaintiffs will first address Rule 54(b). "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment, thereby bestowing sweeping authority upon the district court to reconsider" order on motion to dismiss. *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012), fn. 3. (*Sweeping authority to reconsider a new trial motion*). Nonetheless, the standard applied by this court in *Lawlor v. Metro. Water Reclamation Dist. of Greater Chicago*, 2019 WL 1429621, at *2 (N.D. Ill. Mar. 30, 2019) are consistent with the standards applied by many district courts in this circuit when considering motions to reconsider under Federal Rule of Civil Procedure 54(b)[6]:

> Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was clearly erroneous and would work a manifest injustice. In general, litigants must fight an uphill battle in order to prevail on a motion for reconsideration. Motions to reconsider under Rule 54(b) are judged [] largely [] under Rule 59(e). The Court may grant a Rule 59(e) [] [motion] if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. Rule 59(e) enables the court to correct its own errors and thus avoid unnecessary appellate procedures. Rule 59(e) motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier. Additionally, 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent. A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances. (citation and internal quotation marks omitted).

See also, However, although judged largely by the same standards as motion to alter or amend judgements by several district courts, "a district court has discretion to reconsider its interlocutory

---

[5] Opinion issued April 4, 2020. Plaintiffs contend that *O'Brien* constitutes "a clarification of the law" sufficient to provide a compelling reason to revisit  new law  a clarification of the law  a opinion should be considered a change in law as the 7th Circuit has clarified that the  after the date This Court issued its ruling in Dkt 57.

[6] See e.g., *Saccameno v. Ocwen Loan Servicing*, LLC, 2018 WL 1240347, at *2 (N.D. Ill. Mar. 9, 2018) (standard applicable to motions to reconsider under Rule 54(b) is largely identical to that of Rule 59(e)). *Morningware, Inc. v. Hearthware Home Prod., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) ("The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).").

rulings, subject to the law-of-the-case doctrine." *Phillips v. Baxter*, 768 Fed. Appx. 555, 558 (7th Cir. 2019), (citing, See FED. R. CIV. P. 54(b), and *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012)); See also *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 801 (N.D. Ill. 2013), on reconsideration in part (Aug. 16, 2013). ("*Motions to reconsider an interlocutory ruling under Rule 54(b) are governed by the law of the case doctrine*, [*citing*], *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir.2000) ('Unlike the case in which a judgment is sought to be vacated ... a motion to reconsider a ruling is constrained only by the doctrine of the law of the case.'); *Galvan*, 678 F.3d at 587–88 (same); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir.2006) (same).")*. "The doctrine of law of the case counsels against a judge's changing an earlier ruling that he made in the same case, or that his predecessor as presiding judge had made". (internal citations omitted). *HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009). In *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 2178, 100 L. Ed. 2d 811 (1988), the Supreme Court stated:

> [T]he law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Holmes, J.) (citations omitted). A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Arizona v. California*, supra, 460 U.S., at 618, n. 8, 103 S.Ct., at 1391, n. 8 (citation omitted).

See also *Arizona v. California*, 460 U.S. 605, 644, 103 S. Ct. 1382, 1404, 75 L. Ed. 2d 318 (1983), *decision supplemented,* 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984)(concurrence), ("*federal courts have traditionally thought that correcting a manifest injustice was reason enough to reconsider a prior ruling, [omitted] and, although they may hold a party to its failure to litigate a claim when it had the opportunity, they have regarded finality concerns as less compelling when the question at issue has never actually been contested*"). Therefore, even when considering a Rule 54(b) motion under the law of the case doctrine several district courts have concluded that the standard is the same or similar to a motion to alter or amend a judgment under

Rule 59(e). In *Tillman v. Burge*, 813 F. Supp. 2d 946, 982–83 (N.D. Ill. 2011), the court recognized that "[t]he [district] court maintains broad authority to reconsider an interlocutory order" and noted:

> Though Rules 59(e) and 60(b) govern postjudgment motions, courts often refer to the standards set forth in those rules when discussing motions for reconsideration of interlocutory orders, and indeed, the standards are similar. For example, "[a] district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir.2008)[(applying Rule 59(e))] ; see also *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir.2006) ("The authority of a district judge to reconsider a previous ruling in the same litigation ... is governed by the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.").

Although the standards applied in *Lawlor* remain relevant even when considering whether a court is bound by the law of the case doctrine[7], there are variants of law of the doctrine[8] and it applies with more or less force depending on the facts and procedural posture of the case and whether the issue being revisited is one of substantive law[9]. See *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (*The doctrine "is no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket[]" and describing the "hierarchical relation between the court that rendered the questioned ruling and the court asked to reconsider. Explaining that a lower court can only depart for only truly compelling reasons "such as a contrary ruling by a still higher court" while a judge may reexamine an earlier ruling in the same case (or that his predecessor as presiding judge had made) "if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it. Citing, Arizona v. California, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 1391 n. 8, 75 L.Ed.2d 318 (1983).*); See *e.g. Galvan*, 678 F.3d 581 (("*[R]eferring to the doctrine as 'no more than a presumption, one whose strength varies with the*

---

[7] However, Plaintiffs contend that the law supports a much wider range of discretion under the law of the case doctrine then that applied in *Lawlor*.
[8] Plaintiffs contend that it is these variants of the doctrine and its stronger application in differing circumstances that contributes to the wide range of standards applied including consideration under Rule 59(e) by many district courts.
[9] See *Christianson.*, 486 U.S. at, 816, ("*the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law*")

*circumstances", citing Avitia, 49 F.3d at 1227. "Nevertheless, [] because litigants have a right to expect consistency [][a] second judge should abide by the rulings of the first judge unless some new development, such as a new appellate decision, convinces him that his predecessor's ruling was incorrect."); (Finding the court being presented with the first adversarial presentation of an issue, to be a new development)); See Starks*, 946 F. Supp. 2d at 801, (*"The law of the case doctrine is highly flexible, especially when a judge is being asked to reconsider his own ruling." (internal citation and quotation marks omitted)*; (*Same judge granted motion "[b]ecause the court believe[d] that the IIED claim should not have been dismissed.")*; See *e.g., HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009) (*"The doctrine has greater force in the [] when there is a change of judges during the litigation and the new judge is asked to revisit the rulings of his predecessor. Reluctance to admit one's own errors discourages casual reconsideration of one's own rulings—but not of another judge's rulings.")*;

In setting out the above new development standard, the court in *Galvan,* noted the 'extraordinary circumstances' principle announced in *Christianson*, and found that "[] [the Seventh Circuit] [] [has] recognized, however, that the law of the case doctrine is discretionary and does not preclude a district court from reopening a decided issue[;]"). *Galvan* 678 F.3d at 587. Additionally, in *Cable v. Agence France Presse*, 728 F. Supp. 2d 977 (N.D. Ill. 2010), the district court, quoting the Fed. R. Civ. P. 60, Advisory Committee Notes, 1946 Amendment noted that interlocutory judgments "are left subject to the complete power of the court rendering them to afford such relief from them as justice requires" and found that "[i]n 'matters involving interlocutory orders, such as motions to dismiss, or matters that have not been taken to judgment or determined on appeal, the Seventh Circuit has made clear that the district courts have the discretion to reconsider their decisions at any time.' " *Id., at 982; citing* Brown v. WMC Mortg., No. 08 C 5123, 2010 WL 2731060, at *1 (N.D.Ill. Jul. 8, 2010) *(Defendant in Cable moved under Rule 60(b) for reconsideration of denial of 12(b)(6) motion to correct the court's factual "misunderstanding" that defendants merely repackaged Plaintiffs photograph as their own. The court denied the motion finding such a determination required consideration of facts outside the complaint as the court was unwilling to*

*conclude the allegations establish defendants "did not attempt to repackage the photo as its own.").* "Discretion denotes the absence of a hard and fast rule. It requires that a court act 'with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'" *Elliot v. Mission Tr. Services*, LLC, 104 F. Supp. 3d 931, 939 (N.D. Ill. 2015). "[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92, 195 L. Ed. 2d 161 (2016). However, the exercise of "an inherent power inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Id.* Pursuant to Fed. R. Civ. P. 15(a)(2), "[o]n a plaintiff's request to amend, the court should "freely give leave when justice so requires." *O'Brien*, 955 F.3d at 628, citing, Fed. R. Civ. P. 15(a)(2). "As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." *Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010).*

Although interlocutory orders are typically considered under Rule 54(b), where a Plaintiff is seeking reconsideration of the first order dismissing claims and has indicated an intent to amend the complaint, recent caselaw suggest that Rule 15(a)(2) governs. See *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616 (7th Cir. 2020). In *O'Brien*, the plaintiffs contended that the district court abused its discretion in dismissing the Complaint with prejudice and by denying their post-judgment Rule 59(e) motion to convert the dismissal to one without prejudice in order to allow them to file a fourth amended complaint. *Id.* at 621. The court in *O'Brien* found that "the district court used the higher standard of Rule 59(e) when deciding the motions to alter or amend the judgment and for leave to amend the complaint. The court should have applied the more generous Rule 15(a) standard but it is apparent from the court's order and from the record that, ultimately, the court did not abuse its discretion. *O'Brien, 955 F.3d at 629.* There, the Seventh Circuit found the District court did not abuse its

discretion in denying plaintiffs' post-judgment motion to amend their complaint, even though court incorrectly used higher standard applicable to motions to alter or amend judgment, where court gave plaintiffs opportunity to amend prior to ruling on defendant's motion to dismiss, plaintiffs elected to amend and filed their third amended complaint, plaintiffs assured court that nothing in discovery would cause them to amend complaint again, and plaintiffs failed to explain how new evidence and allegations in their proposed fourth amended complaint would alter outcome of court's ruling on motion to dismiss. Although Plaintiffs assert that a compelling reason is not necessary given the facts and procedural history, Plaintiffs contend that the *O'Brien* opinion clarifies the standard to be applied under the facts presented here and constitues a compelling reason under *Santamarina v. Sears*, Roebuck & Co., 466 F.3d 570, 571–72 (7th Cir.2006), *infra.,* ("authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous."). But *cf Kedziora v. Citicorp Nat. Services, Inc., 883 F. Supp. 1155, 1163 (N.D. Ill. 1995) (a case interpreting a substantive statute does not constitute a change in law for the purposes of a motion to reconsider raising a new argument for the first time.)* However, in *Kedziora* "although the [Plaintiff's] motion to reconsider [was] denied" the court found that "the legal theory asserted [had] merit[.]"; and that "[a] motion to amend the Second Amended Complaint under Rule 15(a) [was] a better way to raise the new theory, and the Court of Appeals in this Circuit tends to allow amendments, even for new factual allegations raised for the first time on appeal, provided they are consistent with the complaint. [citations omitted]". There, the court ruled that "Although it appears that [the district court judge] denied a similar request by the [plaintiffs] when the Second Amended Complaint was filed, this Court believes that the claim asserted is so clearly cognizable [], that it would be unjust to deny amendment, even at this late date. *Id., at 1157 and 1162-1663*.

The Federal Rules of Civil Procedure must be administered "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed.R.Civ.P. 1; and 'a district court has

the discretion to [] [not penalize a party] 'when the failure to act was the result of excusable neglect' ". *Lewis v. Sch. Dist. #* 70, 523 F.3d 730, 740 (7th Cir.2008) (quoting Fed.R.Civ.P. 6(b) (*permited the defendants to file their answer late*). A finding of "excusable neglect 'is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer,' but extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness.' " *Lewis v. School Dist. # 70, 523 F.3d 730*, 740 (7th Cir.2008)(quoting Pioneer, 507 U.S. at 391, 113 S.Ct. 1489). "Parsing the inexcusable from the excusable is a matter of discretion. Citing *In re Canopy Financial, Inc.*, 708 F.3d 934, 936 (7th Cir.2013)." *Elliot v. Mission Tr. Services,* LLC, 104 F. Supp. 3d 931, 938–39 (N.D. Ill. 2015). But, "the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." Lewis v. Sch. Dist. #70, 523 F.3d 730, 740 (7th Cir. 2008). However, there, the court distinguished between an inexplicable failure to read the rules and plausible misinterpretations of ambiguous rules and found a plausible misinterpretation of a procedural rule. Id., citing Cf. *Lorenzen v. Employees Ret. Plan of the Sperry & Hutchinson Co., Inc.*, 896 F.2d 228, 232 (7th Cir.1990) (holding that delay based on a good faith and "plausible misconstruction" of the law may warrant a finding of excusable neglect). But, see *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011) where the court found District court did not abuse its discretion in denying motion for leave to amend complaint to add at least one new theory and overhaul another, more than eight months beyond district court's scheduling deadline and on last day for filing response to defendants' motion to dismiss for failure to state claim upon which relief could be granted and more than two months after coming into possession of defendants' motions to dismiss. There, the court found: that the plaintiff also violated the district court's scheduling order as to amended pleadings and held "[t]herefore, the district court was entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied. *Id/* at 719 (7th Cir. 2011).

IV. Analysis

Plaintiffs respectfully request this Court use its discretion to reconsider dismissal with prejudice of claims under the and deny Defendant's motion or in the alternative Grant Plaintiff leave to amend the pleading to include facts similar to those referenced herein and to amend or add claims impacted thereby. Facts in support of reconsidering dismissal of prejudice and dismissal of SCA and ECA as facts exist to establish sae are not time-barred. See *Monarch Marking Sys., Inc. v. Duncan Parking Meter Maint. Co., Inc.*, 82 C 2599, 1988 WL 23830, at *1 (N.D. Ill. Mar. 8, 1988). There, "[counter-defendant] argue[d] that because of [counter-plaintiff's] apparent shift in focus, [counter-plaintiff] should now be found to have waived its claims as to the actual extent of infringement, and be precluded from now seeking to rectify the court's mistake. This the court declines to do." Id at fn. 1.

Plaintiffs respectfully suggest, given that the amended complaint was filed before a substantive ruling on the arguments at issue and that there was no prior opportunity whatsoever to cure deficiencies related to claims under the Stored Communications Act, Electronic Communications Privacy Act, civil conspiracy under the CFAA, trespass to chattel; unjust enrichment; as well as conversion; and accounting - that This Court was mistaken in finding that Plaintiffs' had multiple opportunities to state their claims [Dkt. 59, p. 14 ]. Therefore, Plaintiffs contend that the Order dismissing claims deprives Plaintiffs of the opportunity, under Rule 15(a)(2), to amend their complaint, after the Court issues a substantive ruling identifying deficiencies, in order to cure those deficiencies identified by This Court. (see Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010), Infra., ("[P]laintiff was entitled to wait and see if any pleading problems the court might find could be corrected" before filing amended complaint.) .

Further, Plaintiffs submit that the failure to defend claims was the result, in part, of an honest mistake or was 'caused by inadvertence, mistake, or carelessness' which can, in some cases, fall within the confines of excusable neglect and/or, as a result, This Court could, in its discretion, elect not to

penalize as harshly as dismissing claims with prejudice or finding Plaintiffs' abdicated claims or waived arguments, despite having the discretion to do so.

Plaintiffs respectfully suggest that the Court erred in making inferences against Plaintiffs which led to mistaken conclusions of fact. Further, Plaintiffs submit that the failure to defend claims was the result, in part, of an honest mistake or was 'caused by inadvertence, mistake, or carelessness' which can, in some cases, fall within the confines of excusable neglect and/or, as a result, This Court could, in its discretion, elect not to penalize as harshly as dismissing claims with prejudice or finding Plaintiffs' abdicated claims or waived arguments, despite having the discretion to do so.

Plaintiffs contend that a reasonable inference misunderstood Plaintiffs' 12(a)(1)(A)(i) argument in support of striking and denying Defendant's motion as untimely when it determined that "Plaintiffs lead by arguing that, pursuant to Rule 12(g)(2), Defendants cannot file a successive motion to dismiss under Rule 12(b)(6) that raises issues not raised in the initial motion." (DKT 59 @5).

Plaintiffs contend that a reasonable inference finding that certain events occurred prior to May 11, 2016 where no date or time frame was indicated and no inference to a time frame intended. or indicted within the complaint to consider Plaintiffs' allegations in their totality and making inferences against Plaintiffs.

Inferences were erroneous:

Although Plaintiffs argue that the placement of the tags was just one of many actions taken in furtherance of the plot, they cannot point to a single allegation in the complaint that postdates the placement of the tags and would delay the limitations period. [51 at 6.] Indeed, the complaint refers to the placement of the tags as the "final step" of the alleged plot. [42, ¶ 48.]

"Plaintiffs, recognizing this drop, published themselves in more professional directories and hired a marketing firm to provide SEO counseling. [Id., @ 60.]" (DKT 59 @4).

"Plaintiffs lead by arguing that, pursuant to Rule 12(g)(2), Defendants cannot file a successive motion to dismiss under Rule 12(b)(6) that raises issues not raised in the initial motion." (DKT 59 @5).

That the parties seem to agree that the latest the limitations period would have begun would have been with the May 11, 2016 placement of canonical tags. See [45 at 14]; see also [42, ¶ 48 (describing the May 11, 2016 placement of the canonical tags as the "final step in [Defendants'] scheme")]" (DKT 59 at 9).

Defendants argue that Plaintiffs "registered an "unmistakable and shocking decrease in online visitor traffic and telephone calls." [45 at 14, quoting [42, ¶ 59].]

"The reasonable inference from the allegations is that the Defendants' remained co-conspirators until, at the very earliest, the date Plaintiffs' filed this action as the conduct was ongoing." (Dkt 51 at 10)

**Plaintiffs' Failure To Respond Was Not An Intentional Abdication Of Claims for Conversion, Unjust Enrichment, Trespass to Chattel, Stored Communications Act or Electronic Communications Act But Instead Was A Result Of The Mistaken Belief That Defendant's Response Was Untimely and Did Not Warrant Consideration By This Court**

As This Court points out, Plaintiffs' mistaken belief that the Defendant's motion was untimely could have been avoided with proper communication by and between Plaintiffs and their associate. However, the associate who covered the July 16, 2019 status hearing did not mention the setting of a briefing schedule. Admittedly, the blame for this rests squarely with undersigned counsel who should have requested more details immediately following the July 16th court appearance. That being said, undersigned counsel did check the docket and the court orders prior to filing Plaintiffs' response [Dkt. 51] and the minute Order of July 16, 2019 [Dkt. 44] did not reference the fact that a briefing schedule had been set. Further, shortly after Defendants' filed their motion to dismiss the amended complaint [Dkt. 45] undersigned counsel spoke with the associate who covered the July 16th court date and specifically inquired as to whether the Defendant's sought or were given additional time to respond to Plaintiffs' amended complaint, at which time he had no recollection of a briefing schedule having been set.

**VERIFICATION**

I, Alison Motta, declare under penalty of perjury that I have read the foregoing Verified motion and that the allegations it contains are true and correct to the best of my knowledge, information, and belief.

Executed May 12, 2020.

_____