3794.000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MOTTA & MOTTA, LLC,** et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>**LAWYERS 777, LLC,** doing business under, assumed name, et al.,<br><br>*Defendants.* | No.:   2018-cv-05811<br><br>Honorable Robert M. Dow, Jr.<br><br>Courtroom:   2303 |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS'
AMENDED VERIFIED RULE 54(b) MOTION FOR REVISION OF ORDER**

NOW COME the Defendants, LAWYERS 777, LLC, doing business under, assumed name, DOLCI and WEILAND; and DOMINICK DOLCI, individually; and PATRICK WEILAND, individually**,** by and through their attorneys, Ekl, Williams & Provenzale LLC, and in response to Plaintiffs' Amended Verified Rule 54(b) Motion For Revision Of Order, state the following:

Plaintiffs' Amended Motion (**Dkt. 70-1**, hereinafter "MTR" or "amended MTR") pursuant to Rule 54(b) is a tangled, confused and ultimately unsuccessful attempt to provide any basis for this Court to revise its Memorandum Opinion and Order (**Dkt. #59**).  In response to the Court's order directing the Plaintiffs to answer a rule to show cause, Plaintiffs initially filed a rambling and imprecise pleading, requesting multiple remedies.  In response, this Court instructed the Plaintiffs to file a Motion to Reconsider its prior Order.  *See* **Dkt. 66**.  This amended MTR provides no cognizable basis or reason for this Court to reconsider its Order, in effect only asking for a "do-over."  Plaintiffs' alternate basis for reconsideration, a claimed "excusable neglect" assertion, is

also unavailable, being unsupported in law and unsupportable in fact. This Court should deny Plaintiffs' Motion to Reconsider in its entirety.

1. In their Introduction to the amended MTR, the Plaintiffs initially seek three remedies:

    a) "to convert the dismissal to one without prejudice (as it conflicts with Rule 15)";
    b) to "find that claims are not indisputably time-barred";
    c) to "find that Plaintiffs' failure to substantively address Defendants' arguments does not warrant dismissal of [its] claims under the circumstances set for the herein."

2. The Plaintiffs assert that this Court should reconsider its March 24, 2020, Order because:

    a. the Court patently misunderstood and/or misapprehended the Plaintiffs, in that the Court "erred in making inferences against Plaintiffs which led to mistaken conclusions of fact" and failed to consider the repeated re-statements of facts alleging Defendants' wrongful acts extending well beyond May, 2016;
    b. the failure to defend the claims and respond to the Motion to dismiss was "an honest mistake," akin to "excusable neglect."

## APPLICABLE STANDARD FOR
## MOTIONS TO RECONSIDER UNDER RULE 54(b)

3. A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

4. Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." Lawlor v. Metro. Water Reclamation Dist. of Greater Chicago, No. 17-CV-117, 2019 WL 1429621, at *2 (N.D. Ill. Mar. 30, 2019) (citations omitted).

5. Courts have analogized the bases for reconsideration or revision under Rule 54 to those same standards and bases under Rule 59, stating that the Court may grant the motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. Lawlor v. Metro. Water Reclamation Dist. of Greater Chicago, No. 17-CV-117, 2019 WL 1429621, at *2 (N.D. Ill. Mar. 30, 2019), *citing* Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012); United States v. Ligas, 549 F.3d 497, 501 (7th Cir. 2008).

6. Motions to reconsider or revise are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." Id.

7. Additionally, " 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' " Id., *citing* to Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

8. A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances. Id., *citing* to Mahurkar v. C.R. Bard, Inc., 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (*citing* Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)).

9. Motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments that were originally presented to the court. U.S. S.E.C. v. Nat'l Presto Indus., Inc., No. 02 C 5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004), *citing* In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978, 794 F.Supp. 261, 267 (N.D.Ill.1992).

**ANALYSIS**

10. Relevant to this analysis, however, is the tortuous path taken just to arrive at this stage. The Court should recall that the original complaint, filed on August 24, 2018, was so confused and convoluted that even the Plaintiff, when called out on it, agreed that they had not followed Rule 8's requirement of a short and plain pleading. *See* **Dkts. 31, 37**. The Court took the Plaintiff' response to the first 12(b)(6) motion as a motion to amend the complaint pursuant to Rule 15. *See* **Dkt. 37**. The Plaintiffs did not object to the Court's characterization, and presumably spent substantial time and effort to provide a minimally adequate amended complaint. Nonetheless, they failed to do so timely, and properly. *See* **Dkt. 38, 39**. The Court, nonetheless, allowed the Plaintiffs' motion for a substantial extension of time. *See* **Dkt. 40.** Again, the Plaintiffs failed to submit the amended complaint on time, filing it the next morning. In fact, the Court would be hard pressed to find any timely pleading by Plaintiffs in this case to date. *See* **Dkt. 49** for detailed presentation of Plaintiffs' failure to follow previous Court orders regarding deadlines. Nonetheless, the Plaintiff has had multiple opportunities to provide re-stated cogent claims, as well as to provide defenses to any alleged deficiencies.

*I.    The Court did not commit manifest error by finding that Plaintiffs have had opportunities to correct deficiencies.*

11. Examining the pending amended MTR reveals that the Plaintiffs' first argument, that dismissal with prejudice should be revised because the Court "patently misunderstood" or

"misapprehended" the number of opportunities Plaintiffs have had to address the now-dismissed state-law claims, is another non-starter.

12. Plaintiffs admit that the Court has discretion to dismiss the abdicated claims. **Dkt. 70-1**, page 11, first paragraph.

13. Plaintiffs next assert that doing so at this stage, however, violates Federal Rule of Civil Procedure 15(a)(2).[1] **Id**., page 12.

14. Plaintiffs' argument at this juncture is at best an attempt to distract the Court. Plaintiffs again blatantly ignore the Court's instruction to focus their pleading and arguments. The Plaintiffs were to file a Motion to Reconsider, not another repeated request to file an amended complaint. *See* **Dkt. 66.** ["(2) the Court will defer consideration of any motion for leave to file an amended complaint until after it resolves the motion for reconsideration;"]

15. Plaintiffs' Motion to Reconsider is mostly – if not substantially – just another lengthy request to file *another* amended complaint. This Court should be concerned that Plaintiff has again spent an inordinate amount of time, resources, and ink pursuing an angle that the Court told them to stay away from.

16. The Plaintiffs take umbrage at the Court's statement that the Plaintiffs have had multiple opportunities to state the claims related to claims they failed to defend. The Plaintiffs ignore the facts – and apparently hope the Court doesn't remember – that the Plaintiffs previously asked to file an amended complaint to begin with and have filed two separate responses to motions to dismiss, each pleading providing ample opportunity to address deficiencies.

---

[1] Rule 15(a)(2) states, in relevant part: "[…] (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15.

17. Several "inconvenient truths" about the Plaintiffs' claims emerge from these pleadings, taken as a whole. First, Plaintiffs have had multiple opportunities to file a minimally sufficient complaint. Defendants have asserted that both are woefully inadequate. Plaintiffs have also had multiple opportunities to address thesee inadequacies. *See* **Dkt. 21 and 45**. In both responses filed by Plaintiffs, they have abdicated defending the claims of conversion, injunctive relief, and accounting. *See* **Dkt. 31 and 51.** Their utter failure to address these claims twice clearly supports the Court's "finding." The additional claims – trespass to chattel and unjust enrichment – were also ignored by the Plaintiff in its second response. *See* **Dkt. 51**. The decision of the Court to dismiss these claims with prejudice is simply not manifest error, does not meet any of the bases for granting revisions under Bank of Waunakee, and is supported by the record as well as the Court's inherent authority to control the litigation before it. Further, as the Plaintiffs recognized, the Court's decision was well within its discretion in this regard.

18. What Plaintiffs are in fact suggesting that they should be given as many opportunities as "needed" to "correct" their complaint, *i.e.* until they get it right. This is not the rule. Indeed, the court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." U.S. S.E.C. v. Nat'l Presto Indus., Inc., No. 02 C 5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004), *citing* Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D.Ill.1988). In other words, the Plaintiffs want the Court to act as a proof reader or reviewer of their consistently sub-par work. The Court is not there to act as editor, proofreader, or assistant to the Plaintiffs, especially given their own self-described reputations of invaluable skill and prominence. *See e.g.* **Dkt. 42**, paragraphs 29-30.

19. Plaintiffs' citation to Bausch v. Stryker and the "entitlement" a plaintiff may have regarding repleading misses the issues addressed in Bausch as well as this Court's order. Bausch

is distinguishable on its facts: it does not address a situation *where the Plaintiff utterly fails to make any argument whatsoever in response to a 12(b)(6) motion*, as is the case here. Additionally, Bausch involved the outright dismissal of the entire cause of action with prejudice, based on federal pre-emption; again, categorically dissimilar to the case at hand. This Court dismissed some claims because the Plaintiffs decided to not contest the 12(b)(6) motions on these claims at all. Bausch also involved a substantive analysis of the sufficiency of pleadings. *See* Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010).

II. *The Court did not patently misunderstand or misapprehend Plaintiffs factual assertions affecting the statute of limitations on the ECPA and SCA claims.*

20. Plaintiffs' second request for revision revolves around the dismissal of the ECPA and SCA claims. The Court dismissed these because the pleadings themselves, taken as true, led the Court to find that the stature of limitations began running in May, 2016. The Court specifically referenced the amended complaint's paragraphs 59 through 62 to support this conclusion.

21. Plaintiffs assert in response that they pled multiple instances of alleged wrongdoing beyond the May, 2016, trigger, and therefore the statute for these claims did not begin until much later. Plaintiffs argument is grossly underdeveloped and factually incorrect. Plaintiffs seemingly don't understand what a statute of limitation means in light of the claims they pled for ECPA and SCA. In fact, they utterly failed to in any way tie in these later alleged wrongdoings to these claims, apparently waiting for the Court to explain how each of these alleged wrongful acts are necessarily ted to the claims under the ECPA and the SCA.

22. Additionally, upon a review of the Court's Order, the Court did not make any actual finding related to the continued alleged wrongdoing and the ECPA and SCA claims. Additionally, the Plaintiffs do not cite to such a finding in the Court's Order, instead they attempt to muddy the related issue. Plaintiffs apparently are confused, collapsing their own convoluted pleadings with

the Court's actual analysis of the very facts the Plaintiffs pled, which in turn triggered the application of the Statute of Limitations.

23. Plaintiffs' citation to Meyer Tech. in fact supports this Court's analysis. The Meyer Tech. court dismissed defendants' ECPA counter-claims because the statute of limitations had run. The defendant in Meyer Tech. learned about the triggering damage and acted in response, both events transpiring more than two years earlier than the filing of the counter-claim – just like Plaintiffs have in this case. Plaintiffs admitted learning of the damage in May, 2016. They reacted by increasing spending on what they perceived to be a problem. The sufficiency or efficacy of Plaintiffs reactions are irrelevant; instead, it's the admitted fact that they did react that is relevant.

24. Further, the "continuing violation" exception to federal statutes of limitations only allows suit to be delayed in cases where the first instance of misconduct may be insufficient—and indeed the "cumulative effect" of a series of acts is necessary—to make out an actionable claim. Meyer Tech. Sols., LLC v. Kaegem Corp., No. 17 C 281, 2017 WL 4512918, at *1 (N.D. Ill. Oct. 10, 2017). Plaintiffs have again utterly failed to tie together this theory with the facts they had previously asserted. Plaintiffs have not even attempted to explain how the significant and precipitous drop in traffic was "insufficient" to trigger the "cumulative effect" analysis. *See also* In re Dealer Mgmt. Sys. Antitrust Litig., No. 18-CV-864, 2019 WL 4166864, at *6 (N.D. Ill. Sept. 3, 2019).

25. Most troubling, however, is that the Plaintiffs have never previously presented a theory of "continuing violation" to address the statute of limitations problem, again in violation of Miller and Lawlor, *supra*. The fact that alleged wrongdoing continued after May, 2016, is simply immaterial to when the statute of limitations is triggered.

III. *Plaintiffs' attempt to disavow the plain meaning of several allegations is contradicted by Plaintiffs' own words*

26. Plaintiffs assert that the timeline or chronology that they included – and that the Court presumed to be true - was not intended to be a chronology or timeline. Plaintiffs' non-sequitur is truly incomprehensible and should be disregarded.

27. Plaintiffs gallingly claim the following:

> In fact, Plaintiffs never alleged that they received any "shocking news in May" about the phones or decreased traffic. **Dkt**. 70-1, page 12.

28. This assertion by Plaintiffs is, simply put, grossly misleading, incorrect, and arguably an attempt to mislead the Court. The contrary is repeated in both the original complaint as well as the amended complaint. **Dkt. 1**, par. 38 and **Dkt. 42**, par. 59. The use of the words "unmistakable" and "shocking" clearly and unequivocally apply to the *perceptions* of MOTTA, whether the business or the Plaintiff's individually. Following on the heels of this *perception*, the Plaintiffs increased spending on advertising and SEO services. Plaintiffs assert that their actions were not the result of the *perception* that the visits and calls decreased in frequency, but to "stay on top of marketing." This non-sequitur asks the Court to completely ignore what the Plaintiff submitted (presumably with Rule 11 in mind), and instead perform mental gymnastics to follow the Plaintiffs' current request on the basis that "we didn't mean what it says." The bald mis-statement Plaintiffs now posit in order to save some counts, should instead be viewed as sanctionable conduct.

29. Plaintiffs' concluding sentence in this "section" of their analysis is also highly problematic: Plaintiffs assert that the "web-traffic statistics were produced to Plaintiffs by a party to the wrongful conduct when, as alleged in paragraph 35 of the amended complaint, he confessed in August of 2018." *See* **Dkt. 70-1**, page 13. However, a review of paragraph 35 again does not contain any such mention of these documents or "statistics." *See* **Dkt. 42**, paragraph 35. This

patently false assertion is compounded by the fact that at no point do the Plaintiffs ever – in any document filed with the court prior to the motions to reconsider in **Dkt. 62** – connect the purported "web traffic statistics" contained in any exhibit or pleading; in fact, it is not even mentioned or referenced by the Plaintiffs until this motion to reconsider.

30. Additionally, the "web-traffic statistics" or information, regardless of its significance or relation to the case, was clearly held by Plaintiffs this entire time and only first raised in a motion to reconsider, seemingly another violation of <u>Miller</u> and <u>Lawlor</u>. The "facts" Plaintiffs' claim exist are not contained in either complaint nor in any responsive pleadings by Plaintiff to the several Motions to Dismiss. As this Court is well aware, matters available but not previously presented or argued are improper for consideration in 54(b) motions.[2] *See* <u>Miller</u>, *supra*.

31. Plaintiffs also appear to conflate the Court's basis for dismissing the ECPA and SCA claims with the dismissal of the state claims, as evidenced by their assertions in the amended MTR, page 13. Plaintiffs seem to believe that repetition of "facts" is sufficient to overcome the Court's findings. However, this mere repetition of other allegations of potentially actionable claims doesn't overcome the reasonable finding that this Court made regarding the statute of limitations for the EPCA and the SCA claims.

32. Plaintiffs also assert that the dismissed claims have merit. This is not the issue at hand, as the Court didn't determine whether the dismissed claims had merit. The Court didn't address the claims' merits *because the Plaintiffs failed to address the claims' merits*. The

---

[2] Indeed, all the "new" evidence and arguments contained in Plaintiffs' submissions **Dkts. 62, 63, and 64** should be treated in the same manner, as all were presented to the Court in Plaintiffs' original Motion to Reconsider and not the Response. See **Dkt. 51**.

Plaintiffs, instead of spending the scarce paper capital on relevant arguments and facts, now waste the Court's time and resources with irrelevant arguments regarding merit.

33. The Plaintiffs' choices set the path we are on today. The Court never resolved whether the claims had merit or not, because the Plaintiff never defended them, abdicating the claims by failing to respond in any manner whatsoever to the substantive arguments posed by the Defendants. By choosing the responses they made, it is evident that they chose not to defend the claims at the time with all the information and allegations they had at hand.

## IV. *"Excusable neglect" is both unsupported by law and unsupportable in fact.*

34. Plaintiffs final assertion for its Motion to Reconsider is that their decision to abdicate defending multiple claims is based on a theory of "excusable neglect." The Court should note that Plaintiffs utterly fail to include any legal support for the novel application of this equitable legal theory; the Defendants are unaware of any caselaw supporting the Plaintiffs' argument. The Court should also be highly suspect of the rationale presented by the Plaintiffs.

35. Plaintiffs imply that the cases they cite support application beyond the limited factual situation wherein a deadline is missed. This extension is both unsupportable by any of the cases cited as well as unsupported by any argument made by Plaintiffs. Defendants respectfully submit that Plaintiffs have completely failed to even attempt to explain how "excusable neglect" could be applicable in this case. It is not a reasonable position to take, and as such, should be considered sanctionable.

36. Plaintiffs argument boils down to they should not be held responsible for their own calculated decision to not address the substantive arguments presented by the Defendants. The Plaintiffs place blame on their associate, for not remembering what happened in Court. *See* **Dkt. 70-1**. However, the Plaintiffs have not provided the Court with any actual evidence of this, *i.e.*

and affidavit from the associate. Plaintiffs have had numerous opportunities to do so, have chosen not to, and instead rely solely on self-serving statements.

37. Additionally, Plaintiffs argue that "[f]ailure to respond […] was the result of the mistaken belief that defendant's [sic] response was untimely and did not warrant consideration by this court." **Dkt. 70-1**, pp. 14-15. In direct contradiction, the Plaintiffs chose to address some of the substantive allegations. How does the Plaintiff explain the substantive arguments it did make in their Response related to some, but not all, of the substantive allegations? Plaintiff can't. For example, the Plaintiffs provide substantive defenses of the sufficiency of the conspiracy claim, with a significant caveat:

> "Without waiving objection based on Defendants' waiver of this issues, Defendants' argument is meritless and contradicted by the face of the complaint as there are several factual allegations imputing specific acts to both Defendants, throughout the compliant that establish a plausible conspiracy claim, and, further, Count I was specifically drafted to consistently refer to each individual defendant as either DOMINICK or PATRICK, and to "DOLCI" only when referring to the entity, an action specifically taken on behalf of the entity, or to a the all Defendants in their joint capacity, such as, 'for the benefit of DOLCI'. Accordingly, Defendants' "collective responsibility" arguments in without legal or factual foundation." **Dkt. 51**, p. 8.

38. In other words, notwithstanding Plaintiffs' "unfortunate" argument of waiver and default, Plaintiff still chose to partially address some substantive issue. This fact outright obliterates any claim that the Plaintiffs' choices in this regard are "excusable."

39. The Court should also consider the following actions and inactions by the Plaintiffs:

   a. failed to ask for clarification from the Court regarding briefing schedules;
   b. failed to contact counsel for the Defendants to determine if a briefing schedule had been set;
   c. failed to order a transcript of the proceeding;
   d. failed to ask for additional time or expansion of page limits;
   e. failed to reserve arguments in defense on the substantive allegations in the Motion to Dismiss;
   f. failed to adopt previous arguments found in their first response in defense of its claims;

g.  failed to file their Motion for default within a reasonably short time, waiting over two months beyond the claimed "default date" of July 23, 2019.

40. It should also shock the Court that Plaintiffs' baldly assert that they thought they had a good argument to say that the Defendants could not file another motion to dismiss, given the Court's own order:

> "Additionally, because the Court has granted Plaintiffs leave to file an amended complaint, it denies Defendants' motion to dismiss [21] as *moot without prejudice to refiling the motion in response to any amended complaint.*" **Dkt. 37** (emphasis added).

So, in addition to the above failures as listed in paragraph 37, Plaintiffs must also admit that they consciously disregarded, ignored, or didn't read the Court's order on this specific issue. Plaintiffs' claim on this topic is grossly off the mark and again, should be sanctionable.

41. Further, Plaintiffs' assertion that they "double checked" with their Associate is akin to looking at a broken clock to determine what time it is. Not surprisingly, the "echo chamber" at the Plaintiffs' office "supports" its unsupportable claim.

42. As the court will recall, this is not the first time that Plaintiffs have apparently misled the Court, intentionally or not. They admit to pulling a citation out of a case, claiming now that notwithstanding "exhaustively researching the issue" (**Dkt. 70-1**, fn. 4), Plaintiff used a citation without having read the entire case? In fact, as this court points out, without reading the same paragraph Plaintiff cites? Plaintiffs also admit that their "unfortunate" - *i.e.* misleading and unsupported - response "permeated" the entire pleading. It's not just "not reviewing the opinion," these actions suggest something much more problematic.

43. This is not "neglect." It is not the inadvertent missing of a filing deadline. The Plaintiff specifically chose a path in this litigation – to claim some sort of default. However, the record's silence on the briefing schedule should – and did – give plaintiff's pause. Their attempt

to resolve their own doubt as to the appropriateness of filing the motion is simply grossly insufficient, not "neglectful."

44. They still have not explained why that conscious choice by these "experienced and well-respected litigants" is neglect, not to mention *excusable* neglect. The Plaintiffs now state that notwithstanding their wager, they would like another shot because they made a calculated mistake. The Defendants fear that this is another rabbit hole Plaintiffs are tumbling down and attempting to take the Court with them.

## CONCLUSION

Plaintiffs have unsuccessfully claimed that the Court misunderstood or misapprehended the facts and allegations. The Courts decision to dismiss the ECPA and SCA counts was well reasoned. relied on the plain words that the Plaintiffs chose in their allegations, and was within the Court's discretion. The Court did not "misapprehend" the allegations – the Plaintiffs just don't like the Court's reasoning given these allegations of fact. Plaintiffs argument, that the pleadings repeatedly posit additional allegations of wrongdoing and thus extend the statute of limitations is neither supported by the facts or any attempt by Plaintiffs to explain these alleged ties, do not save the ECPA and SCA claims. New theories and allegations, never previously asserted, cannot now save Plaintiffs from their own decisions.

Plainitffs further attempt to broaden the application of the equitable remedy of "excusable neglect" to include an unprecedented "do-over" theory to correct the conscious and knowing decisions that the Plaintiffs made. Plaintiffs assert that their failure to address the substance of the Motion to Dismiss was merely "an honest mistake." **Dkt. 70-1**, page 14, first full paragraph. Almost two years into this case, and the plaintiff is still unable to provide adequate answers to serious and significant questions that the Court has posed.

If Plaintiffs novel theory expanding "excusable neglect" were to be accepted, where would the Court draw the line? This proposed theory would have no logical limit, allowing the losing party to come hat in hand and get a "do-over" whenever the party loses. This application of "excusable neglect" to this situation is unsupported in law and unsupportable in fact. The failure to state an adequate reason why the Plaintiff chose to abandon the claims and counts that were being attacked by the Motion to Dismiss is indicative that they have no reason – at least no recognizable reason – to have the court change its ruling.

WHEREFORE, the Defendants respectfully request that the Plaintiffs' Amended Verified Rule 54(B) Motion For Revision Of Order be denied in its entirety, and for any other equitable and just order the Court deems appropriate.

Respectfully submitted by:
By: s/ Nemura G. Pencyla
Terry A. Ekl [ #00727105 ]
Nemura G. Pencyla [ 6225825 ]
Ekl, Williams & Provenzale LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-1624
(630) 654-8318 *Facsimile*
tekl@eklwilliams.com