IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOTTA & MOTTA, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-cv-5811 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| LAWYERS 777, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court discharges the order to show cause [59]. The Court does not dismiss Plaintiffs' claims for conspiracy, tortious interference with a prospective economic advantage, or common law unfair competition. Counsel are directed to file a joint status report no later than August 6, 2021 that includes (a) a proposed discovery plan and (b) a statement in regard to any settlement discussions and/or any mutual request for a referral to the assigned Magistrate Judge for a settlement conference. The Court will set further case management deadlines following review of the joint status report.

**I.      Background**

The full procedural and factual background of this case are set out in greater detail in the Court's previous orders, [37]; [56]; [59], knowledge of which is assumed. Plaintiffs Alison Motta and Robert Motta are the owners of the law firm Plaintiff Motta & Motta. Defendants Dominick Dolci ("Dolci") and Patrick Weiland ("Weiland") are the named partners of the law firm Dolci & Weiland, which is in turn operated by Defendant Lawyers 777, which Dolci owns. Relevant here, Plaintiffs allege that Defendants interfered with Plaintiffs' business by (1) recruiting one or more of Plaintiffs' employees to screen intake calls and direct calls from Plaintiffs' potential clients to Defendants [42, at ¶¶ 36–37]; (2) contacting Plaintiffs' current clients and informing the clients

that Plaintiffs' had a new office and providing them with Dolci's address and telephone number [*id.*, at ¶ 54]; and (3) coding their website such that online searches for Plaintiffs' website produces results directing users to Defendants' website [*id.*, at ¶ 122].

Defendants moved to dismiss [45] Plaintiffs' amended complaint [42], and the Court noted that Plaintiffs' response to this motion [51] was "defective in several respects." [80, at 2]. Relevant here, the Court explained that Plaintiffs "utterly failed to defend" several state law claims at any point in the litigation. [59, at 14]. The Court dismissed these claims with prejudice. There were three other state law claims (unfair competition, tortious interference with a prospective economic advantage, and, by extension, civil conspiracy), that Plaintiffs failed to defend in response to Defendants' motion to dismiss their *amended* complaint, but that Plaintiffs did defend in their response to Defendants' motion to dismiss their *initial* complaint. [*Id.*]. In light of the Seventh Circuit's preference that cases be heard on the merits, the Court ordered Plaintiffs to show cause as to why the court should not also dismiss the remaining state law claims. [59, at 14–15]. Plaintiffs responded to this order to show cause with three filings [62; 63; 64] and moved the court to reconsider the partial dismissal of their amended complaint [70-1]. The Court denied the motion for reconsideration and gave Defendants leave to reply to Plaintiffs' response to the show cause order. [80, at 17]. Defendants opted not to reply, and the Court now discharges the show cause order and rules on the three unaddressed claims from Defendants' motion to dismiss Plaintiffs' amended complaint.

II.    **Legal Standard**

Although not presented in the typical procedural posture, the ultimate issue here is whether Plaintiff's amended complaint [42] stated a claim of unfair competition, tortious interference with a prospective economic advantage and, by extension, civil conspiracy. To survive a Rule 12(b)(6)

2

motion to dismiss for failure to state a claim upon which relief can be granted, the complaint typically must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). In determining whether the complaint meets this standard, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

**III.   Analysis**

"The elements of the tort of intentional interference with a business expectancy include (1) a reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of the expectancy; (3) the defendant's intentional and unjustified interference that prevents the realization of the business expectancy; and (4) damages resulting from the interference." *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 893 N.E.2d 981, 993 (Ill. App. 2008). As explained in a previous order, courts applying Illinois law treat unfair competition "as coterminous with intentional interference for the purposes of a motion to dismiss, which the Court shall do as well." [80, at 10 n. 10]; see also, *e.g.*, *A-1 Packaging Solutions, Inc. v. RFID Resolution Team, Inc.*, 2019 WL 958359, at *4–5 (C.D. Ill. Feb. 27, 2019) (collecting cases).

In arguing that these claims should be dismissed, Defendants first contend that "Plaintiff failed to show the necessary connection between website visits and the subsequent business"

3

impact, suggesting that Plaintiffs fail to allege interference with a business expectancy or damages. But at the motion-to-dismiss stage, it is fair to infer that a large decrease in website traffic could have an impact on business. Further, the complaint alleges that website traffic was redirected for individuals searching for lawyers, even when those individuals included the names of attorneys at Motta & Motta in the search query. [42, at ¶ 123]. This allegation further supports the inference that the decrease in website traffic included decreased visits from would-be clients. Moreover, Defendants' argument ignores the allegations that (1) Defendants recruited one or more of Plaintiffs' employees to screen intake calls and direct those calls from potential clients to Defendants [*id.*, at ¶¶ 36–37] and (2) Defendants contacted Plaintiffs' current clients and informed the clients that Plaintiffs' had a new office and provided them with Dolci's address and telephone number [*id.*, at ¶ 54].

Next, Defendants argue that their alleged actions were "otherwise justified" such that Plaintiffs must allege that Defendants "had acted with actual malice." [45, at 12 (second quoting *Philip I. Mappa Interests, Ltd. v. Kendle*, 554 N.E.2d 1008, 1011 (Ill. App. 1990))]. However, Defendants describe their justified conduct as "operat[ing] a website" and "advertising to visitors searching for legal representation." [*Id.*]. This characterization ignores Plaintiffs' allegations that Defendants intentionally redirected phone and website traffic from Plaintiffs' business to Defendants'. See [42, at ¶¶ 36–37, 54, 122–123].

Plaintiffs also allege a conspiracy claim. [42, at ¶¶ 72–97]. As described in the Court's previous order, if "Plaintiffs' substantive business tort claims survive, then their civil conspiracy theory of liability against Weiland (Count I) would survive as well." [80, at 16]. Thus, the Court does not dismiss Plaintiffs' claims for conspiracy, tortious interference with a prospective economic advantage, or common law unfair competition.

4

**IV.     Conclusion**

For the reasons stated above, the Court discharges the order to show cause [59]. Counsel are directed to file a joint status report no later than August 6, 2021 that includes (a) a proposed discovery plan and (b) a statement in regard to any settlement discussions and/or any mutual request for a referral to the assigned Magistrate Judge for a settlement conference. The Court will set further case management deadlines following review of the joint status report.


Dated: July 22, 2021                                                     _____
                                                                                      Robert M. Dow, Jr.
                                                                                      United States District Judge